AYRES, Judge.
Plaintiff, alleging that, by an instrument •of June 4, 1945, she had granted an oil, gas, and mineral lease to the defendant covering a 14 interest in the minerals on a described 500-acre tract of land in Claiborne Parish, Louisiana, and that the lease had lapsed for nonpayment of the delay rentals payable in 1950, sought by this action the cancellation ■of the lease and a recovery of damages. To plaintiff’s action, defendant’s trustee excepted as to the sufficiency and adequacy of the citation and service of process, as well as to a misnomer of the party defendant.
While the aforesaid pleas were pending, untried and undisposed of, request was made for the entry of a preliminary default. The request was deemed premature and, hence, denied. From this action of the court, plaintiff prosecutes an appeal.
The defendant has moved in this court for a dismissal of the appeal because the ruling complained of is not appealable inasmuch as the order was only interlocutory in character and could not, and did not, cause appellant any irreparable injury. We may observe, too, that no formal judgment appears in the record.
The motion to dismiss must be sustained. The ruling complained of is obviously not a final judgment. It is only an interlocutory order. Clearly, too, the ruling has not caused injury to plaintiff; no contention has been made that it does so. Hence, no appeal from the order is authorized. LSA-C.C.P. Art. 2083.
Accordingly, for the reasons assigned, the appeal should be, and it is hereby, dismissed at plaintiff-appellant’s cost.
Appeal dismissed.