BOLIN, Judge.
William Tandy McElwee, Jr., filed suit against Beverly Williams McElwee for final divorce and his wife reconvened seeking alimony. On June 4, 1968 a judgment was rendered granting the divorce but reserving a decision on the question of alimony. The court filed written reasons for denying alimony and Mrs. McElwee attempted to perfect an appeal to this court from the refusal to grant her alimony.
On February 2, 1971 this court dismissed the appeal for the reason that no formal judgment had been rendered on this portion of the case. McElwee v. McElwee (La.App. 2d Cir. 1971), 244 So.2d 35.
After the case was remanded to the lower court, but prior to the date a formal judgment was signed, both Mr. and Mrs. McElwee filed numerous motions, exceptions, and other pleadings. Among these pleadings was a petition by Mrs. McElwee seeking to have the original divorce judgment declared void because the lower court at the time of rendering the decree had reserved the right to pass on the wife’s re-conventional demand. To this last pleading Mr. McElwee filed both declinatory and peremptory exceptions. According to the court’s minutes these exceptions were “summarily overruled on the grounds that Rule No. 12 of the Rules of this Court [requiring a memorandum of authorities to accompany the exceptions] had not been complied with.”
The same exceptions were subsequently refiled. While these exceptions were pending, counsel for Mrs. McElwee caused a preliminary default to be entered. Upon learning of the entry of the preliminary default, counsel for Mr. McElwee filed a motion to set aside the preliminary default. Ignoring the pending exceptions and the motion to vacate the preliminary default, counsel for Mrs. McElwee orally moved to confirm the preliminary default. The motion was denied because of the pendency of the exceptions and the motion, and from a formal judgment to this effect, Mrs. Mc-Elwee appeals.
Mr. McElwee has filed a motion to dismiss the appeal because the judgment from which the appeal was taken is not a final judgment but is an interlocutory decree. We conclude the motion to dismiss should be sustained.
The issues are: (1) Is the judgment from which the appeal was taken one that is appealable; and (2) if so, did the lower court correctly refuse to confirm the default ?
Giving consideration first to the motion to dismiss, Louisiana Code of Civil Procedure Article 1841, provides:
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
“A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
“A judgment that determines the merits in whole or in part is a final judgment.”
The judgment made the basis of this appeal provides:
“The motion of Paul Henry Kidd, attorney for plaintiff, to confirm and make *479 final the preliminary judgment entered herein on the 15th day of June, 1971, is hereby denied for reasons this day orally assigned.”
Applying the definitions contained in the cited article of the Code of Civil Procedure, we conclude the judgment appealed from is interlocutory rather than final. A mere reading of the judgment is convincing that it is not final. It does not purport to determine the merits of the case in whole or in part but, according to the minutes, merely denied confirmation because of the pendency of the exceptions and motion.
Appropriate to the facts of this case is Baucum v. Hunt Trust Estate (La.App. 2d Cir. 1964), 160 So.2d 250. The principal difference in Baucum and the instant case is that in Baucum the court refused entry of a preliminary default because of the pendency of exceptions which were untried and undisposed of, whereas here it is the confirmation of a default which was denied for the same reason.
Having concluded the judgment sought to be appealed from is interlocutory as distinguished from final, the next question is whether it is appealable under Louisiana Code of Civil Procedure Article 2083:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
There is no showing that Mrs. McElwee will suffer irreparable injury unless the appeal is permitted. If the case is remanded to the lower court her remedy is to cause disposition of the exceptions. If the exceptions are overruled the case should go to trial on its merits. If, on the other hand, the exceptions are sustained, the judgment will become final unless Mr. McElwee appeals.
Having found the appeal should be dismissed, we find it unnecessary to pass upon the second issue which relates to the merits of whether the lower court was correct in refusing to confirm the default.
The appeal is dismissed at appellant’s cost.