STOULIG, Judge.
Appellant, Murphy E. Douglas, cited as one of four “makers, endorsers, sureties and guarantors” in a suit on a promissory note, has appealed a judgment against him entered by default in the sum of $10,958.40.
The petition alleges that plaintiff, Henry W. Helmer, is an “accommodation endorser and maker” on a guaranty agreement given to the Mercantile Bank and Trust Company (Mercantile) of Gretna, Louisiana, to induce it to loan $125,000 to Southern Oil Specialty, Inc. (Southern). Attached to the petition is a photostatic copy of the $125,000 note payable to Mercantile and signed by corporate officers of Southern, of which appellant is one, and a copy of the ancillary guaranty agreement signed by Douglas individually. Helmer, alleging he paid $10,-958.40 to prevent a default on the Mercan-, tile note, filed this suit to recover from his alleged co-guarantors the amount he himself paid under the guaranty agreement. In essence his claim seems to sound in contribution.
Appellant first contends the trial court improperly rendered a default judgment because issue was joined. In support of this argument he produced a copy of a pro se handwritten answer he allegedly mailed to the Clerk of the Civil District Court for the Parish of Orleans that was not returned to him as undeliverable. The record, however, contains no answer and the court must base its action on what is contained in the record. This contention lacks merit.
We do hold that the judgment was improvidently rendered because plaintiff failed to establish a prima facie case. It was essential for him to prove all the allegations of the petition as though they had been specifically denied and this he failed to do. See Calvert Fire Insurance Company v. Felton, 244 So.2d 311 (La.App.4th Cir. 1971).
The proof tendered is an affidavit and a note of evidence. That part of the affidavit pertaining to the merits of the petition reads:
“That he is the plaintiff in the above entitled and numbered cause; that he is familiar and well acquainted with the defendants in the above captioned cause; that he is the surety and co-maker of the promissory note herein sued upon; that the true and correct amount owed to plaintiff on said note by the above named defendants is TEN THOUSAND NINE HUNDRED FIFTY-EIGHT & 40/100 ($10,958.40) DOLLARS, plus interest and attorney’s fees as prayed for.”
C.C.P. art. 1702 provides an affidavit, in certain cases, shall constitute prima facie proof in confirming a default judgment. It is available in a suit on a promissory note; however, R.S. 10:3-301 limits an action on a promissory note to a litigant who is a holder of the note. Although the petition recites plaintiff is a holder, the affidavit does not and the exhibits indicate the Mercantile or its assignee, the Small Business Administration, is, in fact, the holder.
The proffer of evidence does not cure the deficiencies in this record. Even were we to assume plaintiff could bring a suit on the note itself, it would be incumbent on him to produce the original note or notes for the court’s inspection because this is the best evidence of the alleged debt. Plaintiff relied on photostatic copies attached to the petition and presumably intended to introduce them in this proffer:
“MR. POOLE:
“Your Honor, this is case No. 596-735, Henry W. Helmer vs. James K. Callaway, et al, my name is William S. Poole, I’m with the law firm of Adams and Reese and we represent the plaintiff. This is a suit on a note and we are here today to confirm a default against two of the defendants, Mr. Murphy E. Douglas and Mr. Kenneth E. Smyrl. First I’d like to offer and introduce into evidence the item in the record which reflects that the petition was filed on August 6, 1975. Mr. Murphy E. Douglas was served on August 10, and personal service was accomplished on Mr. Kenneth E. Smyrl on August 18, 1975. Also the preliminary default was taken on September 9, *256 1975. Since this is a suit on a note I would like to offer the affidavits of nonmilitary service of the two defendants and offer the confirmation of default for your signature.
“THE COURT:
“All right, sir.”
The affidavit is ineffectual and the proffer alludes to inadmissible evidence. Without considering the validity of the legal premises on which this action is based, we dismiss this suit because the evidence does not support a judgment.
For the reasons assigned the judgment appealed from is reversed and it is now ordered that this suit be dismissed at plaintiff’s cost.
Reversed.
REDMANN, J., concurs with written reasons.