365 So.2d 25 (1978)
Esther Marilyn Alhadeff JACOBS
v.
Jerome Mark JACOBS, Rose Delaney and Jefferson Bank and Trust Company.
No. 9531.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Constant G. Marquer, Jr., New Orleans, for plaintiff-appellant.
Donelon, Cannella & Donelon, Thomas G. Donelon, Metairie, for defendants-appellees.
Before LEMMON, STOULIG and SCHOTT, JJ.
*26 LEMMON, Judge.
The dispositive issue in this matter is whether the ruling appealed from constitutes an appealable judgment.
Plaintiff's petition cumulates two actions against two sets of defendants. The action against Jefferson Bank & Trust Company, allegedly brought "under the Consumer Protection Act", sought to recover damages for embarrassment and mental anguish sustained by plaintiff in attempted collections of an overdue promissory note. When the bank failed to answer within the prescribed delay, plaintiff entered a judgment by default, and six days later plaintiff attempted to confirm the default judgment. After hearing the evidence, the trial court refused to confirm the default judgment, stating that the proof submitted was not sufficient to support the judgment sought, but the court reserved to plaintiff the right to submit further evidence at a subsequent date. Plaintiff appealed from the order refusing to confirm the default judgment.
An appeal may be taken only from a final judgment or from an interlocutory judgment which may cause irreparable injury. C.C.P. art. 2083. A final judgment is one that determines the merits in whole or in part. C.C.P. art. 1841. The judgment refusing to confirm a default judgment did not determine the merits of the case either for or against plaintiff, and therefore was not a final judgment. The judgment determined only preliminary matters and therefore was an interlocutory judgment. C.C.P. art. 1841.
Appeals are normally limited to final judgments, the purpose being to prevent piecemeal appeals from interlocutory rulings. However, the Code recognizes that a party may sustain irreparable injury if there were an absolute prohibition against review of certain interlocutory judgments prior to the determination of the merits of the case, and appeals are therefore allowed from interlocutory judgments under limited circumstances. The standard for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal following the determination of the merits.[1]Feitel v. Feitel, 169 La. 384, 125 So. 280 (1929).
In the present case there is no practical deterrent to plaintiff's raising the issue of the sufficiency of her evidence in support of her attempted confirmation at the time of an appeal after a determination of the merits. This case therefore presents no basis for variation from the policy prohibiting piecemeal appeals, and the judgment is not appealable.[2]McElwee v. McElwee, 256 So.2d 477 (La.App. 2nd Cir. 1972).
The appeal is dismissed.
APPEAL DISMISSED.
STOULIG, J., concurs with written reasons.
STOULIG, Judge, concurring.
I am in agreement with the result of the majority opinion for the reasons stated therein. However I disagree with the footnote. First I do not subscribe the the theory that supervisory writs and appeals are interchangeable remedies. And second, we should not consider the correctness of the trial court's evaluation of the merits in view of the dismissal of the appeal.
NOTES
[1] For example, if a judgment incorrectly denies a jury trial, the aggrieved party cannot obtain practical relief by an appeal following the determination of the merits. See Wilson Sporting Goods Co. v. Alwes, 17 So.2d 382 (La.App. 1st Cir. 1944) and C.C.P. art. 2083, Comment a.
[2] Because plaintiff could have applied for supervisory writs under C.C.P. art. 2201, and because this panel has necessarily inquired into the record and the ruling, we have considered treating the appeal as an application for supervisory writs. However, we find no error in an order which refuses to confirm a default judgment and to grant damages, when the evidence establishes only that a bank employee threatened to seize a mortgaged vehicle in plaintiff's possession, even though plaintiff had not signed the note and mortgage.