450 So.2d 24 (1984)
Elton DEVILLE, Plaintiff-Appellant,
v.
Emile CARMOUCHE, Defendant-Appellee.
No. 83-578.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*25 Elton Deville, in pro. per.
Emile Carmouche, in pro. per.
Before FORET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Elton Deville, plaintiff, brought suit against defendant, Emile Carmouche, for damages arising out of an alleged failure to perform legal services pursuant to a contractual agreement. A final judgment has not been rendered by the trial court in this matter. Plaintiff appeals from the trial court's refusal to confirm a default judgment. Since this ruling was of an interlocutory nature and since we find no irreparable harm resulting from such ruling, we dismiss plaintiff's appeal ex proprio motu. The case is hereby remanded and ordered to proceed to trial on the merits.

FACTS
Plaintiff, Elton Deville, instituted this suit against Emile Carmouche, alleging that defendant failed to adequately represent plaintiff as an attorney at law in a former suit entitled Mathew L. Hanigrief v. Elton Deville. The object of this suit is to recover damages allegedly resulting from the inadequate and fraudulent legal representation performed by defendant in the Hanigrief suit on behalf of the instant plaintiff. Plaintiff's theory of recovery sounds in both contract and tort.
Defendant recanted with peremptory exceptions which were subsequently made moot by plaintiff's supplemental and amending petition. Defendant answered both the original and supplemental petitions, however, beyond the legal delays allowed by law. Plaintiff filed a motion and obtained a preliminary default prior to defendant's answers, but attempted to confirm the default judgment after plaintiff had answered. At a hearing to confirm the default judgment, with defendant present, the trial court held that plaintiff failed to confirm the default timely, and after a prima facie showing in accordance with LSA-C.C.P. art. 1702. Plaintiff now appeals from the trial court's denial of his motion for confirmation of default.

INTERLOCUTORY JUDGMENT
At the outset, we note that the dispositive issue on appeal is whether the trial court's refusal to confirm a default judgment constitutes a final and appealable judgment. We find that it does not.
An appeal may be taken only from a final judgment or from an interlocutory judgment which may cause irreparable injury. C.C.P. art. 2083. A final judgment is one that determines the merits in whole or in part. C.C.P. art. 1841. The judgment refusing to confirm a default judgment did not determine the merits of the case either for or against plaintiff, and therefore was not a final judgment. The judgment determined only preliminary matters and therefore was an interlocutory judgment. C.C.P. art. 1841; Jacobs v. Jacobs, 365 So.2d 25 (4th Cir.1978).
Appeals are normally limited to final judgments, the purpose being to prevent piecemeal appeals from interlocutory rulings. However, the Code of Civil Procedure article 2083 recognizes that a party may sustain irreparable injury if there was an absolute prohibition against review of certain interlocutory judgments prior to the determination of the merits of the case. Appeals are therefore allowed to be taken from interlocutory judgments under limited circumstances where such a judgment poses *26 grave threats of irreparable harm to the appealing party. The standard for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal following the determination of the merits. Feitel v. Feitel, 169 La. 384, 125 So. 280 (1929); Sylvester v. St. Landry Parish Police Jury, 401 So.2d 688 (3rd Cir.1981).
In this instance, the trial court refused to confirm plaintiff's default and stated in the record that the matter would be set for trial pending an outcome of this appeal. There is no practical deterrent to plaintiff raising the issues concerning the attempted confirmation of default at the time of an appeal from a final judgment following a determination of the merits. This case presents no basis for variation from the well-settled policy in our law which prohibits piecemeal appeals.
Accordingly, we dismiss plaintiff's appeal ex proprio motu on the grounds that the judgment appealed from is a nonappealable interlocutory judgment.
The appeal is dismissed at plaintiff's costs and remanded for further proceedings in accordance with the law.
APPEAL DISMISSED; CASE REMANDED.