517 So.2d 853 (1987)
JOHN GUIDRY CONSTRUCTION CO., INC., Plaintiff-Appellee,
v.
RIVERTOWN PROPERTIES, INC., Defendant-Appellant.
No. 86-824.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Gauthier & Cedards, Chester R. Cedars, Breaux Bridge, for plaintiff-appellee.
Powers & Vaughn, Patricia A. McKay, Baton Rouge, John Dale Powers and David L. Guerry of Powers & Vaughn, for defendant-appellant.
Before FORET, LABORDE and KNOLL, JJ.
*854 LABORDE, Judge.
Plaintiff, John Guidry Construction Company, Inc. (Guidry) confirmed a default judgment on an open account without a hearing in open court against defendant, Rivertown Properties, Inc. (Rivertown). Rivertown filed a petition to annul judgment, but before the trial court ruled on the petition, Rivertown moved for a suspensive appeal from the default judgment. Defendant asserts that plaintiff's failure to comply with La. C.C.P. arts. 1702 and 1702.1 mandates reversal of the judgment and remand to the trial court for a new hearing. We find that the deficiencies cited by defendant are fatal to Guidry's judgment.
The record shows that an open account was established by plaintiff for the benefit of defendant. Defendant made several payments, but eventually ceased paying on June 20, 1983, leaving a balance of $8,375.29. By certified mail, Guidry demanded payment of the remaining balance on July 25, 1983. Plaintiff's petition asserts that copies of the invoices in support of the demand were attached to the demand letter. On June 21, 1985, plaintiff filed suit for $8,375.29, interest thereon, and attorney fees under LSA-R.S. 9:2781. A preliminary default was entered against defendant on August 22, 1985. The default judgment was confirmed on May 23, 1986 without a hearing in open court as provided for in La. C.C.P. art. 1702(C) and 1702.1.[1]
Defendant sought to annul the judgment, but the trial court did not take action on the motion. The motion, therefore, is deemed to have been dismissed. On appeal, defendant assigns the following as errors:
"I. The District Court erred in granting the default judgment as plaintiff's certificate was incomplete.
II. The District Court erred in granting the default judgment as the judgment was not signed within seventy-two (72) hours of receipt, by the judge, of plaintiff's request for a dispensation of the hearing in Open Court, but, in fact, was signed some eight months later.
III. The District Court erred in granting the default judgment as the evidence presented was insufficient to prove a prima facie case against the defendant."
*855 We find merit in defendant's first assignment of error.[2] While most of the requirements of La. C.C.P. arts. 1702(C) and 1702.1 were complied with, plaintiff clearly did not follow the mandated certification procedures of 1702.1. Plaintiff admits that it did not certify that the affidavit of correctness was attached; however, the affidavit was in fact attached to the petition. Conversely, plaintiff certifies that the original invoices are attached to the petition; however, no invoices can be found in the record.[3]
As plaintiff failed to strictly comply with La. C.C.P. art. 1702.1, we reverse the judgment of the trial court and remand the case for further proceedings. See American Tempering, Inc. v. Crasto Glass and Mirror Co., Inc., 487 So.2d 116 (La.App. 4th Cir.1986). Costs of this appeal are taxed to plaintiff, John Guidry Construction Company, Inc.
REVERSED AND REMANDED.
NOTES
[1] La.C.C.P. art. 1702 in pertinent part reads:

"A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
* * * * * *
"(3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
"C. When the sum due is on an open account or a promissory note or other negotiable instrument or a deficiency judgment derived therefrom, a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court."
La.C.C.P. art. 1702.1 provides:
"A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(C), along with any proof required by law, he or his attorney shall include, in an itemized form with the motion and judgment, a certification that the suit is on an open account, promissory note, or other negotiable instrument and that the necessary invoices and affidavit or note and affidavit are attached. If attorney fees are sought under R.S. 9:2781, the attorney shall certify that fact and that a copy of the demand letter and the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) have elapsed before suit was filed.
"B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed."
[2] As this suit is remanded, we do not pass on the relative merit of the other assignments.
[3] The record does contain a list of invoice numbers, the date of the transaction, and the amount purportedly past due.