535 So.2d 770 (1988)
Mary Ann GRIFFIN, Individually and as the Administratrix of her Minor Son, Orlando Griffin, Plaintiff-Appellant,
v.
PECANLAND MALL ASSOCIATION, LTD., Defendant-Appellee.
No. 19704-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
*771 Hunter, Scott, Blue, Johnson & Ross by James E. Ross, Jr., Monroe, for plaintiff-appellant.
Hayes, Harkey, Smith, Cascio & Mullens by Bruce M. Mintz, Monroe, for defendant-appellee.
Before HALL, SEXTON and LINDSAY, JJ.
SEXTON, Judge.
The plaintiff, Mary Ann Griffin, appeals a trial court judgment dismissing her suit for personal injuries. We agree that plaintiff failed to prove her cause. However, we reverse the judgment of the trial court and remand for the following reasons.
On October 18, 1986, at approximately 4:30 p.m., the plaintiff apparently slipped and fell in the food court area of Pecanland Mall in Monroe, Louisiana. At the time, she was holding her infant son, Orlando Griffin. As she fell, she dropped the baby. Ms. Griffin alleged that she slipped on some red beans and rice that were on the floor.
Ms. Griffin filed suit on August 17, 1987, individually and on behalf of her minor child for damages for the injuries they allegedly sustained as a result of the slip and fall. A preliminary default was entered on September 9, 1987, and the cause came on for confirmation on September 14, 1987. The trial court did not allow Ms. Griffin to present evidence concerning the minor's injuries because she had not qualified as his tutrix. The court dismissed the minor's action without prejudice. After hearing the plaintiff's evidence, the court found that the plaintiff had failed to produce sufficient evidence to prove her claim against the defendant and dismissed her claim with prejudice. The plaintiff appeals the trial court denial of her motion for confirmation of default.
Appellant presents two assignments of error: (1) the trial court erred in determining that plaintiff failed to prove her case by sufficient evidence, and (2) the trial court erred in dismissing the action of the minor son without prejudice.
We will initially deal with the second assignment as it is the simplest. In asserting this assignment, the plaintiff argues that LSA-C.C.P. Art. 683 unconstitutionally discriminates against illegitimate children. We initially observe that LSA-C.C. P. Art. 683 provides for three instances in which an unemancipated minor must be represented by a tutor: (1) when one or both of the parents are dead, (2) when the parents are divorced or judicially separated, or (3) when the minor is an illegitimate child. We further observe that there is nothing in the record to indicate that the child is indeed illegitimate. What transpired is that shortly after the plaintiff took the stand, the trial judge asked her if she was married. She responded in the negative and the trial judge then dismissed the demands of the minor on its own motion.
*772 However, we do not reach plaintiff's constitutional argument because we determine that the trial court inappropriately supplied the dilatory exception of lack of procedural capacity. The authority of a plaintiff suing as a legal representative is presumed unless challenged by the defendant by the timely filing of a dilatory exception. LSA-C.C.P. Art. 700. Specifically, LSA-C.C.P. Art. 926 points out that "[a]ll objections which may be raised through the dilatory exception are waived unless pleaded therein." Thus, unless the exception of lack of procedural capacity is timely filed by the defendant, the objection is waived. Sarratt v. Cappaert Enterprises, 442 So. 2d 783 (La.App. 5th Cir.1983), writ denied, 446 So.2d 1225 (La.1984).

PRIMA FACIE CASE
Plaintiff's other and primary argument is that the trial court erred in finding that she failed to prove her case by sufficient evidence. We disagree.
LSA-C.C.P. Art. 1702 A provides in part that "[a] judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." A prima facie case is established by evidence which proves the essential allegations of the petition as fully as if each allegation had been specifically denied. Jim McCary, Inc. v. Price, 391 So.2d 921 (La.App. 2d Cir.1980); Halliday v. Water Works of Louisiana, Inc., 425 So.2d 949 (La.App. 5th Cir.1983).
In her petition, the plaintiff named Pecanland Mall Association, Ltd.[*] as the defendant and alleged that it was the owner of the mall where the accident occurred. The plaintiff presented no evidence at the confirmation of default trial that the defendant owned or operated the premises where the accident occurred. Thus, there is no evidence upon which a judgment against the defendant, Pecanland Mall Association, Ltd., can be rendered.
The trial court was correct, then, in finding that the plaintiff failed to prove a prima facie case against that defendant. However, we determine that the trial court erred in rejecting her demands with prejudice. In the overwhelming majority of cases in which a trial court confirmed a default judgment and the court of appeal reversed, the demands of the plaintiff were not rejected. The case was remanded to the trial court for further proceedings. See Brown v. Trinity Insurance Company, 480 So.2d 919 (La.App. 2d Cir.1985); Succession of Barron, 345 So.2d 995 (La. App. 2d Cir.1977); John Guidry Construction Co. v. Rivertown Properties, Inc., 517 So.2d 853 (La.App. 3rd Cir.1987); 1436 Jackson Joint Venture v. World Construction Company, 499 So.2d 426 (La. App. 4th Cir.1986); Halliday v. Water Works of Louisiana, Inc., supra; Clark v. Clark, 358 So.2d 658 (La.App. 1st Cir.1978); Helmer v. Callaway, 342 So.2d 254 (La. App. 4th Cir.1977); Dundee Tailoring Company v. Jefferson Davis Parish School Board, 264 So.2d 316 (La.App. 3rd Cir.1972). But see Eddins v. Salassi, 344 So.2d 416 (La.App. 1st Cir.1977), in which plaintiff's judgment for partition was simply reversed but there was no order for remand. We assume his demands were not rejected. Also see Holbrook v. Palermo, 352 So.2d 419 (La.App. 3rd Cir.1977) and McCarthy v. Plaisance, 286 So.2d 454 (La. App. 1st Cir.1973), writ denied, 289 So.2d 156 (La.1974). In Holbrook, judgment was rendered against two of four original defendants on default, and on appeal the plaintiff's demands were rejected against one of those defendants and affirmed as to the other. In McCarthy, the original defendant answered and brought in a third party defendant. This third party defendant appealed a confirmation of default against it. Upon reversal of that third party judgment on insufficient evidence, the third party plaintiff's demands were rejected with prejudice.
We therefore fail to see a significant difference between the circumstance where a defendant appeals an improperly confirmed default and the instant situation.
*773 The appropriate course, then, even though the trial court was correct in not acceding to the plaintiff's demands, is not to reject the plaintiff's demands with prejudice. We will therefore remand for further proceedings.
Parenthetically, we note that we are aware of certain jurisprudence which holds that the refusal to confirm a default is not a final judgment and thus is not appealable. In Deville v. Carmouche, 450 So.2d 24 (La.App. 3rd Cir.1984), the trial court refused to confirm a default after an answer was filed. In McElwee v. McElwee, 256 So.2d 477 (La.App. 2d Cir.1972), writs denied, 257 So.2d 434 (La.1972), and writ not considered, 257 So.2d 434 (La.1972), the trial court refused to confirm a default because exceptions were pending. In each case, the court of appeal determined that the judgment refusing to confirm the default was interlocutory and not final because the cause was still pending. Jacobs v. Jacobs, 365 So.2d 25 (La.App. 4th Cir. 1978), is more similar to the instant case because confirmation was also refused there on insufficient evidence as in the instant case. However, the court did reserve plaintiff's right to submit further evidence at a subsequent time. Determining that the appeal was improperly granted, the court of appeal considered the case under its supervisory jurisdiction and dismissed the appeal, ruling that a final judgment had not been rendered.
Contrary to the aforenoted cases, however, the instant plaintiff's demands have been rejected and a final judgment has been signed. Thus, a final determination of her demands has been made and the judgment is appealable. LSA-C.C.P. Art. 2083.
In summary, we determine that the trial court erred in supplying the dilatory exception of lack of procedural capacity. We further determine that the trial court was correct in finding that plaintiff had not presented a prima facie case but erred in dismissing plaintiff's demands with prejudice. The judgment appealed from is therefore reversed and set aside. The case is remanded to the trial court for further proceedings consistent herewith. The costs of this appeal are assessed to appellant.
AMENDED and REMANDED.
NOTES
[*] The plaintiff filed suit against an entity known as Pecanland Mall Association, Ltd. An entity named Pecanland Mall Associates, Ltd. filed an appellate brief.