GONZALES, Judge.
This is an appeal from the dismissal of a paternity suit due to plaintiffs failure to present sufficient proof to confirm a judgment of default.
FACTS AND PROCEDURAL HISTORY
On August 12,1992, the State of Louisiana, through the Department of Social Services, Office of Family Support (plaintiff) filed a “Petition to Establish Paternity and Support,” alleging that R.H. (defendant) was the natural father of A. J., the minor child of G.J. The petition also sought judgment against defendant for child support and medical insurance coverage for the minor child. Following defendant’s failure to timely answer the petition, a preliminary default was entered against him on January 14, 1993.[2]
A hearing was held on April 30, 1993 for the purpose of confirming the preliminary default. In support of its case, plaintiff presented proof that defendant had been served with the petition via domiciliary service and that he had failed to answer the petition. Plaintiff also presented the testimony of G.J. and G.J.’s sister, C.S. Following plaintiffs submission of the case, the trial court dismissed the suit. A judgment of dismissal was signed on July 19, 1993.
From this adverse judgment, plaintiff appeals, claiming that the trial court erred in dismissing the entire suit, rather than allowing plaintiff another opportunity to prove its ease at a later date.
CONFIRMATION OF PRELIMINARY DEFAULT
In order to obtain a default judgment, a plaintiff must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition was denied by the defendant. La.C.C.P. art. 1702(A); Sessions & Fishman v. Liquid Air Corporation, 616 So.2d 1254, 1258 (La.1993). In other words, the laplaintiff must present competent evidence that convinces the court that it is probable that he would prevail on the merits. Sessions & Fishman v. Liquid Air Corporation, 616 So.2d at 1258; Rhodes v. All Star Ford, Inc., 599 So.2d 812, 813 (La.App. 1st Cir.1992).
At the confirmation hearing, G.J. testified that she had a dating relationship with R.H. from 1981 to 1988 and that approximately one and one-half years of that relationship included sexual relations. However, she further testified that at the time of the conception of A.J., she was also having sexual relations with another man, C.W. Although G.J. initially thought that C.W. was the father of A.J., she testified that blood tests were taken which indicated that C.W. was not A.J.’s father. Because G.J. allegedly had sexual relations with no one other than C.W. and R.H. at the time of A.J.’s conception, the exclusion of C.W. led to G.J.’s allegation that R.H. was A.J.’s father. G.J. also testified that R.H. has stated in her presence that he is A.J.’s father, that R.H. has purchased clothing and toys for the child, and that R.H.’s brother, F.H., recognizes A.J. as a member of their family.
G.J.’s sister, C.S., testified that she was aware of the dating relationship between G.J. *855 and R.H. and that it was during their relationship that G.J. became pregnant. C.S. also testified that G.J. had a dating relationship with C.W. “about the same time she was dating [R.H.].”
Following C.S.’s testimony, plaintiff submitted its case. The trial court immediately dismissed the matter. According to statements made by the trial court during G.J.’s testimony, the dismissal was apparently based on the court’s conclusion that the paternity of A.J. was a “guessing game.”
On appeal, plaintiff does not assert that the evidence submitted at the hearing was sufficient to confirm the preliminary default. Rather, the plaintiffs single assignment of error challenges the action of the trial court in dismissing the matter, rather than allowing plaintiff another opportunity to prove its case. In support of its argument, plaintiff relies on Romero v. Melancon, 72 So.2d 570 (La.App.Orl.1954), wherein a court of appeal found that the trial court erred in dismissing a plaintiffs default judgment suit for failure to sufficiently prove his case. The appellate court in Romero determined that the plaintiff should have been afforded the opportunity to prove his demands against the defendant with legal certainty and remanded the ease for this purpose. Romero v. Melancon, 72 So.2d at 571.
However, we do not read the Romero case to stand for the proposition that any plaintiff who fails to establish a prima facie case in a default judgment setting must always be given multiple opportunities to prove his case.[3] The trial court in this matter apparently found that plaintiffs evidence at the confirmation hearing was inadequate to prove A. J.’s filiation to R.H — a finding that plaintiff does not now dispute. Further, there is no indication in the record that plaintiff requested that the matter be held open by the trial court for the submission of additional evidence; or requested that the case be reopened for additional evidence after the trial court had ruled; or, for that matter, even suggested that additional evidence was available.
It is not the duty of the trial court to assess the merits of a litigant’s claim and to then determine, on its own motion, that the litigant is deserving of a second chance to prove his ease. Plaintiff, as an agency which regularly deals with paternity suits, is well aware of what proof is required to establish paternity and that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. The fact that plaintiff failed to make out a prima facie case of paternity on its first attempt in this case does not give it a right to now demand another opportunity to do so; nor does it impose a duty on the trial court to offer such an opportunity, particularly where plaintiff has made no request nor indicated • that additional proof would be offered.
1 sThis assignment of error is without merit.
CORRECTNESS OF USING AN APPEAL TO PROTEST A JUDGMENT DENYING THE CONFIRMATION OF A DEFAULT JUDGMENT
We are aware of jurisprudence, including Jacobs v. Jacobs, 365 So.2d 25 (La.App. 4th Cir.1978) and Deville v. Carmouche, 450 So.2d 24 (La.App. 3d Cir.1984), which holds that the refusal to confirm a default judgment is not a final judgment and thus is not appealable. In each of the above cases, Jacobs and Deville, the appellate court determined that the judgment refusing to confirm the default was interlocutory rather than final because the plaintiffs cause was still pending. In contrast, the ease of Griffin v. Pecanland Mall Association, Ltd., 535 So.2d 770 (La.App.2d Cir.1988), presents a situation where the plaintiff’s attempt to confirm a default judgment was rejected by the trial court and a final judgment was signed. The Griffin court found that a final determination of the plaintiff’s demands had been made and that the judgment was appealable. Griffin v. Pecanland Mall Association, Ltd., 535 So.2d at 773. Similarly, in the present case, the *856 record contains a final judgment, drafted by plaintiffs own counsel and signed by the trial court, dismissing plaintiffs petition. As in Griffin, we find that the trial court’s judgment, dismissing plaintiffs petition, is a final appealable judgment.
DECREE
For the foregoing reasons, we affirm the judgment of the trial court at appellant’s cost.
AFFIRMED.

. On September 21, 1992, a copy of interrogatories previously propounded to defendant were filed into the record; the word "NO” was written in large letters across the first page of the interrogatories and defendant's signature appears on the second page. Because this document does not satisfy the requirements of La.C.C.P. arts. 1003 and 1004, it does not constitute an answer to plaintiff's petition.

. Even if the Romero case was interpreted as providing an absolute rule that a plaintiff should be given multiple opportunities to prove his case when attempting to confirm a default judgment, we are not bound by the decisions of another circuit. Nungesser v. Nungesser, 558 So.2d 695, 700 (La.App. 1st Cir.), writ denied, 560 So.2d 30 (La.1990).