CRAIN, J.
IsThomas Gorman appeals a final judgment dismissing his personal injury suit with prejudice. He also seeks review of the trial court’s interlocutory rulings excluding certain evidence and finding that Gorman failed to meet his burden of proof to confirm a preliminary default judgment against the defendants. After en banc consideration, we reverse the judgment and remand this matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
Gorman instituted this suit against Lieutenant Austin Miller, Deputy Andrew (also referred to as Deputy Andrew Duncan), Deputy Tom Floyd, and Deputy Robert Redmond. In his petition, Gorman alleges that on March 81, 2011, he was arrested following a traffic stop and was detained at the East Feliciana Parish jail. He alleges that while detained in jail, the defendants verbally and physically attacked him, causing serious injuries. Gorman seeks damages under state and federal law, including 42 U.S.C. § 1983.
The defendants did not answer Gor-man’s suit. On Gorman’s motion, which alleged personal service on the defendants, the trial court entered a preliminary default judgment. At the hearing to confirm the preliminary default judgment, Gorman offered proof of his demand through his own testimony, medical records, two affidavits, and photographs of his injuries. *838 The trial court excluded the medical records and affidavits and determined that Gorman’s testimony was not credible. The trial court then concluded that Gorman had not met his burden of proof to confirm the preliminary default judgment and rendered judgment denying the confirmation of default and dismissing Gorman’s suit with prejudice.
Gorman appeals, challenging the trial court’s exclusion of the medical records and affidavits, the trial court’s refusal to confirm the preliminary default judgment, and the dismissal of his suit with prejudice.
^DISMISSAL BY TRIAL COURT
This case presents for review the appropriateness of the trial court dismissing the plaintiffs case with prejudice upon finding that the plaintiff failed to establish a prima facie case as required under Louisiana Code of Civil Procedure article 1702A. Sitting en banc, we find such action to be in error, and in doing so, choose not to follow this court’s previous ruling in State Through Dept. of Social Services v. R.H., 98-2312 (La.App. 1 Cir. 10/7/94), 644 So.2d 853.
Louisiana’s Code of Civil Procedure delineates the time delay within which a defendant must file his answer after service of the plaintiffs suit upon him. If the defendant does not comply, the plaintiff may move for entry of a default judgment (also called a preliminary default judgment) against the defendant. La.Code Civ. Pro. art. 1701A; see also Corte v. Cash Technologies, Inc., 02-0846 (La.App. 1 Cir. 4/2/03), 843 So.2d 1162. The Code of Civil Procedure further sets forth the method by which a plaintiff can have the preliminary default judgment confirmed. Specifically, the plaintiff must present the trial court with proof of the demand sufficient to establish a prima facie case. La. Code Civ. Pro. art. 1702A.[2]
The judgment on appeal dismissed Gor-man’s suit for failure to establish a prima facie case. The trial court acted sua sponte, as Gorman did not move to voluntarily dismiss his suit, and the defendants, having made no appearance in this proceeding, presented no motion for involuntary dismissal of the suit.
In State Through Dept, of Social Services v. R.H., the trial court dismissed the plaintiffs suit after the plaintiff failed to offer evidence sufficient to have a | ^preliminary default judgment confirmed. In reviewing the propriety of the trial court’s action, this court noted that the plaintiff had not requested that the matter be held open for the submission of additional evidence, nor requested that the case be reopened for additional evidence after the trial court’s ruling, or even suggested that additional evidence was available. State Through Dept. of Social Services, 644 So.2d at 855. This court found that “[i]t is not the duty of the trial court to assess the merits of a litigant’s claim and to then determine, on its own motion, that the litigant is deserving of a second chance to prove his case.” Id. This court concluded that the plaintiff had no right to *839 demand another opportunity to do so, and the trial court had no duty to offer such an opportunity to the plaintiff, particularly when the plaintiff had not requested it or indicated that additional proof would be offered. Id. The trial court’s judgment dismissing the plaintiffs suit was affirmed.
Upon en banc consideration, and in light of current Louisiana law and jurisprudence, we now find to the contrary. The analysis of this same issue by the Fourth Circuit Court of Appeal in Dahan Novelties & Co., LLC v. Ohio Cas. Ins. Co., 10-0626 (La.App. 4 Cir. 10/20/10), 51 So.3d 129, is persuasive. In Dahan Novelties & Co, LLC, the court of appeal reversed the trial court’s judgment dismissing a plaintiffs suit on its own motion after finding the plaintiff had failed in his burden to confirm a preliminary default judgment, explaining:
Our procedural law confers upon a trial court only very limited authority to dismiss a lawsuit on its own motion. A trial court on its own may notice, for example, peremption or the failure to disclose a cause of action and dismiss the lawsuit. See La. C.C.P. arts. 927 B and 934. Also, when no party appears for trial, the trial court may dismiss an action “on its own motion.” La. C.C.P. art. 1672 A(2). But these authorized circumstances do not apply in this case. Except in such circumstances, a trial judge’s power to dismiss cannot be exercised on his own motion, but requires the application of a party.
Dahan Novelties & Co., LLC, 51 So.3d at 135. The court further recognized that under Louisiana law, voluntary dismissal of a plaintiffs suit requires a motion by |fithe plaintiff and involuntary dismissal requires a motion by “a party.” La.Code Civ. Pro. arts. 1671 and 1672; Dahan Novelties & Co., LLC, 51 So.3d at 135. The trial court is not a party to the action and thus cannot supply the motion for involuntary dismissal. Wooley v. AmCare Health Plans of Louisiana, Inc., 06-1146 (La.App. 1 Cir. 1/17/07), 952 So.2d 720, 729.
We agree that if the plaintiff fails to present sufficient evidence to confirm a preliminary default judgment, and no party present at the confirmation hearing moves for dismissal of the plaintiffs suit, the trial court is effectively prevented from dismissing the plaintiffs suit on its own motion. See Dahan Novelties & Co., LLC, 51 So.3d at 136; see also Griffin v. Pecanland Mall Assoc. Ltd., 535 So.2d 770 (La. App. 2 Cir.1988). In those circumstances, the trial court’s authority is limited to a denial of the request to confirm the preliminary default judgment. To the extent it holds otherwise, we overrule State Through Dept, of Social Services v. R.H., supra. The trial court’s judgment dismissing Gorman’s suit with prejudice is reversed.
DENIAL OF REQUEST TO CONFIRM PRELIMINARY DEFAULT JUDGMENT
When an unrestricted appeal is taken from a final judgment, such as the trial court’s dismissal of the plaintiffs suit, the appellant is entitled to additionally seek review of all adverse interlocutory rulings. Landry v. Leonard J. Chabert Med. Ctr., 02-1559 (La.App. 1 Cir. 5/14/03), 858 So.2d 454, 461 n. 4, writs denied, 03-1748, 03-1752 (La.10/17/03), 855 So.2d 761; R & R Steel Erectors v. Watson, 01-1322 (La.App. 3 Cir. 3/6/02), 809 So.2d 1228, 1230; Griffin, 535 So.2d at 773. Therefore, we consider Gorman’s arguments that the trial court erred in finding that he failed to meet his burden of proof to have the preliminary default judgment confirmed after erroneously excluding the offered medical records and affidavits, IfiWhich along with plaintiffs testimony and *840 his photographs comprised the entirety of the evidence presented to the trial court.
Confirmation of a preliminary default judgment is similar to a trial with the defendant being absent. The plaintiff is required to present admissible and competent evidence establishing a prima facie case, proving both the existence and the validity of the claim as though the defendant denied each allegation of the petition. Arias v. Stolthaven New Orleans, L.L.C., 08-1111 (La.5/5/09), 9 So.3d 815, 820; Northshore Regional Medical Center, L.L.C. v. Dill, 12-0850 (La.App. 1 Cir. 3/22/13), 115 So.3d 475, 480, writ denied, 13-0866 (La.5/31/13), 118 So.3d 396. Simply stated, in order to confirm a default, “the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits.” Arias, 9 So.3d at 820. In doing so, the plaintiff must adhere to the rules of evidence despite there being no opponent to urge objections. Arias, 9 So.3d at 820. Except as provided by law, inadmissible evidence may not support a default judgment. Arias, 9 So.3d at 820 (citing 19 Frank L. Maraist, Civil Law Treatise: Evidence and Proof § 1.1, at 5 (2d ed.2007)). The standard of review for a trial court’s evidentiary rulings is abuse of discretion; the trial court’s ruling will not be disturbed unless it is clearly erroneous. Riverside Recycling, LLC v. BWI Companies, Inc. of Texas, 12-0588 (La. App. 1 Cir. 12/28/12), 112 So.3d 869, 874.
The trial court excluded Gor-man’s certified medical records because no representative from the medical institutions was available for the court to examine regarding the diagnoses and treatment information contained in the records or to testify that the records were kept in the normal course of business and were true and correct. This ruling was in error. Properly certified medical records are admissible in establishing a prima facie case to confirm a default in a delictual action, without accompanying oral medical testimony or sworn narrative report. See Oliver v. Cal Dive International, Inc., 02-1122 (La.App. 1 Cir. 4/2/03), 844 So.2d 942, 945, units denied, 03-1230 and 03-1796 (La.9/19/03), 853 So.2d 638 and 648; Assamad v. Percy Square and Diamond Foods, L.L.C, 07-1229 (La.App. 1 Cir. 7/29/08), 993 So.2d 644, 650, writ denied, 08-2138 (La.11/10/08), 996 So.2d 1077. Consequently, the trial court abused its discretion in excluding the medical records on the basis that no representatives from the medical institutions were present to offer testimony.[3]
The trial court also excluded the affidavits of Daniel McKenzie and Jason Whit-stone, both of whom were allegedly incarcerated at the East Feliciana Parish jail at the same time as Gorman and whose testimony was presented to corroborate Gor-man’s account of the defendants’ actions.
Code of Civil Procedure article 1702B(2) provides, in pertinent part:
When a demand is based upon a delic-tual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. (Emphasis added.)
Thus, affidavits may be considered in support of confirming a default judgment *841 without the necessity of the affiant’s oral testimony at the hearing. Nonetheless, the documents submitted as affidavits must be of sufficient evidentiary quality to be considered, despite there being no objection by the defendants. See Arias, 9 So.Sd at 820.
An affidavit is a declaration or statement of facts personally known to the affiant, reduced to writing and sworn to by the affiant before an officer who has authority to administer oaths, such as a notary public. In re Davis, 12-0689, 2012 WL 6677915 (La.App. 1 Cir. 12/21/12) (unpublished); Patterson in Interest of Patterson v. Johnson, 509 So.2d 35, 38 (La.App. 1 Cir.1987). The handwritten McKenzie “affidavit” is not signed by either McKenzie or a notary. A document that is not signed and notarized cannot be considered as an affidavit. Anderson v. Allstate Ins. Co., 93-1102 (La.App. 1 Cir. 4/8/94), 642 So.2d 208, writ denied, 94-2400 (La.11/29/94), 646 So.2d 404. The trial court correctly excluded the McKenzie “affidavit.”
In contrast, the Whitstone affidavit is signed by Whitstone. It begins “Before me the undersigned Notary Public came and appeared Jason Whitstone who after being sworn did declare....” It concludes “Sworn to [and] subscribed before me this 5th day of May 2011,” followed by a signature on a signature line. Although the notary is not identified by name or number, the document reflects the definitive characteristics of an affidavit in that it purports to be a writing made under oath, signed by the affiant, and notarized. See State v. Duhon, 95-2724 (La.5/21/96), 674 So.2d 944, 946; Millen v. State Dept. of Public Safety and Corrections, 07-0845 (La.App. 1 Cir. 12/21/07), 978 So.2d 957, 963 (holding that a notary’s failure to comply with the Louisiana Revised Statute 35:12 does not invalidate the affidavit); Anderson, 642 So.2d at 210. The trial court abused its discretion in refusing to consider the Whitstone affidavit.
Having determined that the trial court erred in excluding evidence offered in support of the plaintiffs case, this appeal requires that we determine whether to conduct de novo review or remand for further proceedings. As a general rule, when the trial court makes evidentia-ry errors that are prejudicial, such that they materially affect the outcome of the trial and deprive a party of substantial rights, and if the record is otherwise complete, the appellate court will conduct its own de novo review of the record.[4] See La.Code Ev. art. 103A; Riverside Recycling, 112 So.3d at 874; State of Louisiana through Dept. of Child and Family Services v. Dennis, 11-1736 (La.App. 4 Cir. 4/18/12), 90 So.3d 1206, 1208-09. However, the Louisiana Supreme Court has also recognized that in limited circum stances, when necessary to reach a just decision and to prevent a miscarriage of justice, an appellate court should remand the ease to the trial court under the authority of Code of Civil Procedure article 2164, rather than undertaking de novo review.[5] See Wegener v. Lafayette Ins. Co., 10-0810 (La.3/15/11), 60 So.3d 1220, 1233; Alex v. Rayne Concrete Service, 05-1457 (La.1/26/07), 951 So.2d 138, 155.
*842 We find that remanding this case, rather than conducting de novo review, is just, legal, and proper. Cf. La.Code Civ. Pro. art. 2164. To confirm a preliminary default judgment, the plaintiff must prove both the existence and validity of his claim by convincing the trial court that it is more probable than not that he would prevail at a trial on the merits. Añas, 9 So.3d at 815. The determination of whether the plaintiff has satisfied his burden is subject to the credibility determinations of the trial court. Tucker v. Howes, 413 So.2d 585, 588 (La.App. 1 Cir.1982). Importantly, in the context of confirming a preliminary default judgment in a delictual action, Code of Civil Procedure article 1702B(2) expressly grants the trial court the authority to “require additional evidence in the form of oral testimony before entering judgment,” when warranted under the circumstances of the case.
In this case, the trial court found that Gorman’s testimony was not credible. However, after Gorman’s medical records and the Whitstone affidavit were erroneously excluded, that conclusion was reached without considering all admissible evidence. The trial court also intimated that corroboration with oral [ 1fltestimony was necessary. Under Article 1702B(2), the trial court is not obliged to accept the affidavits and records offered, nor even the plaintiffs testimony, without additional corroboration in the form of oral testimony. Even after considering the improperly excluded evidence in this case, the trial court may or may not require corroboration through oral testimony pursuant to Article 1702B(2). In contrast, this court cannot receive new evidence (i.e., corroborating testimony) in conducting de novo review. See Niemann v. Crosby Development Co., LLC, 11-1337 (La.App. 1 Cir. 5/3/12), 92 So.3d 1039, 1044.
While we make no findings regarding the weight to be given the evidence on remand, or the factors the trial court may consider in deciding whether to require corroborating testimony under Article 1702B(2), we note that the authority to require corroborating testimony may be particularly useful here, where the trial court found the plaintiff not credible, a corroborating “affidavit” is not an affidavit, the other affidavit lacks information necessary to verify that it was notarized, and the trial court suggested that medical testimony was necessary to establish causation.[6] On remand the trial court can consider and weigh all of the admissible evidence and determine whether to require additional testimony. Moreover, without the trial court’s determination of whether it will order additional testimony, we cannot conclude that this court has before it a complete record upon which to conduct de novo review and base a decision. See Chambers v. Village of Moreauville, 11-898 (La.1/24/12), 85 So.3d 593, 597 (stating that when a legal error interdicts the fact finding process, de novo review should be undertaken if the record is otherwise complete.) Accordingly, this matter is remanded.[7]
*843 ^CONCLUSION
This court’s prior decision in State Through Dept. of Social Services v. R.H., 93-2312 (La.App. 1 Cir. 10/7/94), 644 So.2d 853, is overruled insofar as it found that a trial court is authorized to sua sponte dismiss a plaintiffs suit for failure of the plaintiff to meet his burden of proof to confirm a preliminary default judgment. The trial court’s judgment, dismissing Gor-man’s suit with prejudice, is reversed. This matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal shall await final disposition in this matter.
REVERSED AND REMANDED.
PETTIGREW, J., concurs in part and dissents in part for the reasons assigned by Judge GUIDRY.
WHIPPLE, C.J., respectfully concurs in the result.
HIGGINBOTHAM, J., concurs in the result.
GUIDRY, J., concurs in part and dissents in part and assigns reasons.
KUHN, J., concurs in part and dissents in part, and will assign reasons.

. While this appeal was pending, Article 1702A was amended to require that the proof submitted to establish a prima facie case be admitted into the record prior to confirmation. See 2013 La. Acts, No. 78, § 1. Comment (a) to the revised article explains that:
The change follows [Louisiana Constitution article 1, section 19], which grants litigants "the right of judicial review based upon a complete record of all evidence upon which the judgment is based.” The amendment is also consistent with jurisprudence holding that "to prevent reversal on appeal, both the plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evidence that establishes a pri-ma facie case.” Arias v. Stolthaven, LLC, 9 So.3d 815, 820 (La.2009).

. For the reasons presented in more detail later in this opinion, the trial judge did have the authority under Louisiana Code of Civil Procedure article 1702B(2) to require further testimony if he believed that the medical records did not establish one or more of the elements necessary for the plaintiff to recover.

. The proper inquiry for determining whether a party was prejudiced by a trial court's erroneous ruling on the admission or denial of evidence is whether the error, when compared to the entire record, had a substantial effect on the outcome of the case. See Wright v. Bennett, 04-1944 (La.App. 1 Cir. 9/28/05), 924 So.2d 178, 183.

. Article 2164 pertinently provides that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.”

. Louisiana Code of Civil Procedure article 1702D allows a sworn narrative report of the treating physician to be offered in evidence in a suit for personal injuries and in lieu of oral testimony. No such sworn narrative reports were presented to the trial court in this case.

. We also note that the appellate record does not contain evidence necessary for this court to independently confirm Gorman’s assertion of personal service of this suit on the defendants. It is well settled that a default judgment may not be taken against a person who has not received citation and service thereof. Mitchell v. Bass, 01-2217 (La.App. 1 Cir. 11/8/02), 835 So.2d 778, 780. In order for a default judgment to be valid, the court must have jurisdiction over the parties, which is based upon service of process on the defen *843 dants. La.Code Civ. Pro. art. 6; Mitchell, 835 So.2d at 780. Although subpoenas, notices, and returns may be omitted from the appellate record unless they are at issue, and there is no requirement that the citation and return of the sheriff be formally offered into evidence to confirm a preliminary default judgment, we are also mindful that a judgment rendered in a case wherein the trial record does not evidence service of process on the defendants is null. See Stout v. Henderson, 157 La. 169, 102 So. 193 (1924); Mitchell, 835 So.2d at 780; Uniform Rules-Courts of Appeal, Rule 2-1.11 We are reluctant to perform a de novo review that could result in this court rendering a judgment that, without any evidence in the record of service of process on the defendants, could be null.