# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2022 CA 0166

## GULFCO OF LOUISIANA, LLC
## D/B/A TOWER LOAN OF CUT OFF

## VERSUS

## MARK A. PLAISANCE, A/K/A MARK PLAISANCE

Judgment Rendered: **MAR 0 8 2023**

\* \* \* \* \*

APPEALED FROM THE SEVENTEENTH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA
DOCKET NUMBER 141043

HONORABLE F. HUGH LAROSE, JUDGE PRESIDING

\* \* \* \* \*

Jessica L. Greber                    Attorney for Plaintiff-Appellant
Shreveport, Louisiana                Gulfco of Louisiana, LLC
                                     d/b/a Tower Loan of Cut Off

Mark A. Plaisance                    Pro Se
Raceland, Louisiana

\* \* \* \* \*

BEFORE: McCLENDON, HOLDRIDGE, CHUTZ, PENZATO,
AND GREENE, JJ.

Holdridge J. agrees w/ Reason

**GREENE, J.**

This is an appeal from a judgment after a hearing on a confirmation of a default regarding a check loan.[1] For the following reasons, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On July 13, 2020, Gulfco of Louisiana, LLC d/b/a Tower Loan of Cut Off (Gulfco), filed suit against Mark A. Plaisance, asserting that it was the holder of an instrument executed by Mr. Plaisance, that Mr. Plaisance was in arrears and in default, and that it was exercising its option as the holder of the instrument to declare all sums under the note due and payable. The loan resulted from a "check loan" for $4,001.81 mailed to Mr. Plaisance as a solicitation. Mr. Plaisance allegedly cashed the check at JP Morgan Chase Bank to borrow the money.

Gulfco maintained that Mr. Plaisance owed the unpaid balance on the loan, $4,368.52, together with interest at the rate of 31.13 percent per annum for one year beginning June 19, 2020, and thereafter at the rate of 18 percent per annum, until paid in full, as well as $42.20 in late charges, all costs of collection, including court costs, and reasonable attorney's fees. Gulfco attached a copy of the check allegedly signed by Mr. Plaisance and processed by his bank, along with a lost note affidavit from Gulfco's branch manager, Lauren Brunet, attesting that the documents were true and correct copies. Mr. Plaisance did not file an answer.

Thereafter, on September 4, 2020, Gulfco filed a motion for preliminary default, noting that Mr. Plaisance had not filed an answer within the legal time delays. A preliminary default was entered against Mr. Plaisance by the trial court on September 22, 2020. Subsequently, Gulfco filed a motion for confirmation of the preliminary default, which was denied by the trial court. Thereafter, Gulfco filed

---

[1] Acts 2021, No. 174, § 5 and § 6 repealed La. C.C.P. art. 1701 and amended and reenacted arts. 1702, 1702.1, 1703, and 1704 relative to default judgments. These changes apply to default judgments rendered on or after January 1, 2022. Acts 2021, No. 174 § 7. Thus, the denial of a confirmation of default judgment at issue in this case, rendered on October 29, 2021, is governed by the law in effect prior to this amendment.

2

another motion for confirmation of the default, and the matter was set for a hearing on October 28, 2021.

Mr. Plaisance did not appear at the hearing on October 28, 2021. Gulfco introduced copies of the check loan and promissory note allegedly signed by Mr. Plaisance into evidence. Ms. Brunet testified at the hearing that the check loan was cashed by Mr. Plaisance and that Gulfco received a copy of the processed check loan from Mr. Plaisance's bank. Ms. Brunet also testified that the check was attached to the promissory note and the disclosure statement, and that the copies were kept by Gulfco in its business records.

At the close of the hearing on the confirmation of default, the trial court rendered judgment in favor of Mr. Plaisance, and against Gulfco, denying all relief prayed for by Gulfco. The judgment was signed on October 29, 2021. The judgment stated in pertinent part:

> THIS CAUSE, having come on for confirmation of [default] judgment after all legal delays having elapsed, and petitioner having presented the suit file, minutes of the case, evidence of the claim and proper certifications, the case was taken up, and the Court considering the law and evidence to be in favor thereof:
>
> IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of defendant, [Mr. Plaisance], and against said petitioner, GULFCO ... denying all relief prayed for.

Gulfco appealed that judgment.[2]

## DISCUSSION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. **Bond v. Louisiana**

---

[2] In its assignments of error, Gulfco maintains that the trial court erred in finding that it failed to satisfy the requirements for enforcement of negotiable instruments pursuant to La. R.S. 10:3-104, that it erred in not finding that Gulfco was a holder of the instrument, that it erred in finding that Gulfco was attempting to circumvent the requirements for negotiable instruments, and that it erred in failing to accept the reproduction of the instrument as prima facie proof of its contents pursuant to La. R.S. 13:3733.1(C). Because we find that this court lacks jurisdiction to hear this appeal, we pretermit discussion of Gulfco's assignments of error.

3

**Purchase Equestrian Estates, LLC**, 2019-0957 (La. App. 1 Cir. 2/21/20), 299 So.3d 120, 124; **Marrero v. I. Manheim Auctions, Inc.**, 2019-0365 (La. App. 1 Cir. 11/19/19), 291 So.3d 236, 238; **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's appellate jurisdiction only extends to "final judgments." **Rose v. Twin River Development, LLC**, 2017-0319 (La. App. 1 Cir. 11/1/17), 233 So.3d 679, 683; *see also* La. C.C.P. art. 2083(A).

A valid judgment must be precise, definite, and certain. **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. La. C.C.P. art. 1918; **DeVance v. Tucker**, 2018-1440 (La. App. 1 Cir. 5/31/19), 278 So.3d 380, 382. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046.

Only final judgments and interlocutory judgments expressly provided by law are appealable. La. C.C.P. art. 2083. A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. A judgment that denies a confirmation of a preliminary default does not determine the merits and is therefore, interlocutory. **Jackson v. Usey**, 20-402 (La. App. 5 Cir. 2/10/21), 315 So.3d 377, 378; *see also* **Gorman v. Miller**, 2012-0412 (La. App. 1 Cir. 11/13/13), 136 So.3d 834, 839, writ denied, 2013-2909 (La. 3/21/14), 135 So.3d 620 (treating the denial of a request to confirm a preliminary default as an interlocutory judgment).

The record on appeal reveals that the only relief that Gulfco prayed to be heard on the hearing date was for a confirmation of a default judgment. The trial court denied this request. The judgment on appeal does not grant any relief to Mr.

4

Plaisance and does not dismiss Gulfco's suit. It merely denies the motion for default judgment and is, therefore, an interlocutory judgment. *See* **Gorman**, 136 So.3d at 389; *see also* **Allen v. Louisiana Department of Public Safety and Corrections**, 2018-1676 (La. App. 1 Cir. 6/10/19), 2019 WL 2416957 (unpublished) (dismissing the appeal for lack of jurisdiction upon concluding that the denial of a motion for preliminary default is an interlocutory ruling). Furthermore, the October 29, 2021 ruling is not an interlocutory judgment appealable by law. *See* La. C.C.P. art. 2083(C).

Accordingly, this court lacks appellate jurisdiction over this matter, and we dismiss the appeal.[3] Costs of this appeal are assessed against the appellant, Gulfco of Louisiana, LLC d/b/a Tower Loan of Cut Off.

**APPEAL DISMISSED.**

---

[3] Additionally, Gulfco's motion and order for appeal was filed more than thirty days from the mailing of notice of signing of the judgment denying the motion for confirmation of default judgment; thus, this Court may not exercise supervisory jurisdiction to consider the merits of Gulfco's arguments. **Tower Credit Inc. v. Bradley**, 2015-1164 (La. App. 1 Cir. 4/15/16), 194 So.3d 62, 65. *See also* Uniform Rules – Courts of Appeal, Rule 4-3.

GULFCO OF LOUISIANA, LLC
D/B/A TOWER LOAN OF CUT OFF

VERSUS

MARK A. PLAISANCE, A/K/A
MARK PLAISANCE

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0166

 **HOLDRIDGE, J., agrees.**

I agree with the excellent opinion by Judge Greene. I will write further to add that like a denial of a summary judgment, a denial of a default judgment is never appealable since it will always be an interlocutory judgment. See Allen v. Louisiana Department of Public Safety & Corrections, 2018-1676 (La. App. 1 Cir. 6/10/19), 2019 WL 2416957, *2 (unpublished). Further, the trial court cannot dismiss an action at the default judgment stage of the proceedings. See Gorman v. Miller, 2012-0412 (La. App. 1 Cir. 11/13/13), 136 So.3d 834, 839, writ denied, 2013-2909 (La. 3/21/14), 135 So.3d 620 ("[I]f the plaintiff fails to present sufficient evidence to confirm a preliminary default judgment ... the trial court is effectively prevented from dismissing the plaintiff's suit on its own motion. ... [T]he trial court's authority is limited to a denial of the request to confirm the preliminary default judgment.").