GAIDRY, J.
|gThis is an appeal from a trial court judgment awarding damages for breach of contract. We affirm.
FACTS AND PROCEDURAL HISTORY
Riverside Recycling, L.L.C. (“Riverside”) operates a mulch processing facility. BWI Companies, Inc. (“BWI”) is a distributor of nursery and garden products. In October of 2009, BWI sent Riverside purchase orders for 150 loads of aged pine bark mulch, which were to be delivered from Riverside directly to BWI’s customer, Saxon Becnel & Sons (“Saxon Becnel”) on an as-needed basis in 2010. Saxon Becnel had purchased aged pine bark mulch from Riverside through BWI the prior year as well. After receiving the purchase orders from BWI in October of 2009, Riverside purchased additional equipment to help it handle all the work. In March of 2010, Saxon Becnel scheduled delivery of the first three loads of mulch from Riverside. These deliveries were made, as they had been in the parties’ past dealings, by an outside trucking company. About a month after the first three loads were delivered, Larry Wainwright of Riverside contacted Mark Ellerman of BWI to find out when Saxon Becnel would be ready for delivery of more loads because Riverside had been producing a stockpile of material in anticipation of Saxon Bec-nel’s needs. Mr. Ellerman was informed at this time that Saxon Becnel was displeased with the first three, loads and was considering changing vendors. Saxon Bec-nel alleged that the three loads which were delivered in March contained clay and other debris, which rendered them at least partially unusable. Mr. Wainwright and Riverside’s owner Skip Noel then contacted and met with Ricky Becnel and Dave Becnel, two of the owners of Saxon Becnel, and were given the same basic information — that there had been clay in the first three loads and that |3they were considering switching to a different vendor. BWI later notified Riverside by letters sent April 20, 2010 and May 7, 2010 that it was *872 cancelling the remaining orders for Saxon Becnel effective April 9, 2010.
Riverside filed a suit for damages against BWI for breach of contract on July 7, 2010.[1] After a bench trial, the court found that while there was some issue as to the quality of the product delivered by Riverside in those first three loads, the extent of that issue was not clear such that it could be deemed a defective performance. The court further found that there was insufficient evidence that BWI provided Riverside with reasonable notice before exercising the remedy of dissolution under La. C.C. art. 2015, therefore, the dissolution was a breach of the contract. The court awarded Riverside $75,000.00 in damages, plus judicial interest and all costs of the proceedings. BWI has appealed from this judgment, alleging that the trial court erred finding that it breached the contract between the parties and in excluding the recorded statement of an unavailable witness.
DISCUSSION

Breach of Contract

Upon a party’s failure to perform his obligations under a contract, the other party may serve him with a notice to perform within a certain time, with a warning that unless performance is rendered within that time, the contract will be deemed dissolved. La. C.C. art. 2015. “Failure to perform” includes a nonperformance, defective performance, or delay in performance. La. C.C. art. 1994. The time allowed for performance by the notice to perform must be reasonable under the circumstances. La. C.C. art. 2015. The methods for putting an obligor in default (written request for performance, oral request for performance made before two witnesses, filing |4suit for performance, or by specific contractual provision) apply to the notice to perform. La. C.C. arts. 2015 and 1991. When a delayed performance would no longer be of value to the obligee or when it is evident that the obligor will not perform, the obligee may regard the contract as dissolved without any notice to the obligor. La. C.C. art. 2016.
BWI’s first assignment of error is that the trial court erred in failing to find that Riverside’s performance was defective. BWI argues on appeal that the evidence presented at trial proved that Riverside furnished a product which was substantially different from the product ordered, and therefore made a defective performance.
It is well-settled that a reviewing court may not disturb the factual findings of the trier of fact in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). The reviewing court does not decide whether the trier of fact was right or wrong; rather, a trial court’s factual findings cannot be reversed unless an appellate court, after review of the entire record, finds both that no reasonable factual basis exists for the finding and that it is manifestly erroneous or clearly wrong. See Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Moreover, in applying this standard, a trial court’s credibility determinations are entitled to great deference. See Hebert v. Rapides Parish Police Jury, 06-2001, p. 3 (La.1/16/08), 974 So.2d 635, 654 (on rehearing). Thus, if the factfinder’s findings are reasonable in light of the record viewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence *873 differently. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990).
| .-(There is evidence, as noted by the trial court, that there was an issue with the quality of the product delivered by Riverside in the first three loads. Mr. Wainwright admitted in his deposition that he had no reason to disbelieve Saxon Becnel’s representatives’ assertions that there was clay or debris in those three loads, and that he did not personally see the loads which were delivered to Saxon Becnel. However, other evidence before the court suggests that the quality issues with the product may not have been serious enough to rise to the level of a defective performance: The three loads were delivered over a two-day period, and none were refused, although Saxon Becnel claims all were of poor quality. Dave Becnel was present when the three loads were delivered and testified that he told the delivery driver, who worked for an outside trucking company, that there was clay in the loads. However, he did not contact Riverside directly. No pictures were taken of the allegedly defective product. Ricky Becnel, who was out of state when the three loads were delivered, testified that when Dave Becnel told him about the clay in the loads, he called Mr. Wainwright to let him know that the loads contained clay. However, Mr. Wainwright denies speaking to Ricky Becnel about this. And although Ricky Becnel allegedly contacted Mark Eller-man, Saxon Becnel’s sales representative at BWT, about the quality issue, Ellerman did not communicate this information to Riverside until he was contacted by Wainwright much later. The Becnel family prepared a written statement outlining the problems with the three loads; however, it was not done until after the contract was dissolved and litigation was imminent. Finally, no request was made for a credit for the bad loads from Riverside, even though BWI had done that in the past for other customers. In light of the evidence viewed in its entirety, the trial court’s ^finding that BWI failed to prove a defective performance is a reasonable one.
Even assuming that the quality of the first three loads was proven to be poor enough to constitute defective performance, BWI was still obligated to give Riverside proper notice and an opportunity to perform its obligations under the contract. After a thorough review of the evidence before the court on this issue, we find no error in the trial court’s finding that BWI did not provide this notice. Although there was testimony from Mr. Ellerman that he tried to call Mr. Noel to discuss the problems, he never spoke to him and never left a voicemail. The record contains no emails from Mr. Ellerman to Riverside about the issue, nor any letters prior to the April 20 and May 7 letters notifying Riverside of the dissolution of the contract. Mr. Ellerman testified that Mr. Noel usually just called him back without him having to leave a message, so he did not feel the need to leave a message, even when he never received a return phone call. In light of the evidence before the court, we find no error in the court’s conclusion that the required notice was not given. This assignment of error lacks merit.
Finally, BWI asserts that no notice was required in order to dissolve the contract under La. C.C. art. 2016 because it was evident that Riverside would not perform its obligation. However, the evidence before the court that Riverside had a stockpile of material prepared for delivery to Saxon Becnel, that Riverside attempted to schedule more deliveries to Saxon Becnel, and that Mr. Wainwright and Mr. Noel contacted Ricky Becnel and Dave Becnel by phone and then drove to Saxon Becnel’s locations in Louisiana and in Texas in an attempt to work out the *874 problem, support the trial court’s conclusion that BWI failed to prove that Riverside would not |7perform its obligations under the contract. This assignment of error is also without merit.

Testimony of Larry Wainwright

Prior to trial, Riverside filed a motion in limine seeking to exclude, among other things, a recorded telephone conversation between BWI’s attorney and Mr. Wainwright and a transcript of the conversation. Riverside’s motion asserted that after Mr. Wainwright was fired from Riverside, and after his deposition was taken by BWI, Mr. Wainwright gave a statement over the phone to BWI’s counsel, which was later transcribed by a court reporter, in which he alleged that Mr. Noel was lying about his knowledge of the quality of the product delivered to Saxon Becnel in the first three loads. Riverside argued that the recording and transcript should be excluded as hearsay. BWI argued that the recording and the transcript are not hearsay because Mr. Wainwright’s statement was not being offered for the truth of the matter asserted, but simply for the fact that it was said.
At the beginning of the bench trial, the court granted the motion in limine, excluding the recording and transcript of the telephone conversation. Mr. Wainwright was unavailable at trial, and his deposition was to be introduced in lieu of his live testimony. The court rejected BWI’s assertion that Mr. Wainwright’s recorded statement was not being offered for the truth of the matter asserted, and ruled that it was inadmissible hearsay. Noting that Riverside would be unable to cross-examine Mr. Wainwright regarding the statements made in the phone conversation if the recording and transcript were admitted at trial, the court offered to allow BWI time to retake Mr. Wainwright’s deposition. BWI instead proffered the excluded evidence and assigned the exclusion of the evidence as error on appeal.
|sThe standard of review for evi-dentiary rulings of a trial court is abuse of discretion; the trial court’s ruling will not be disturbed unless it is clearly erroneous. See Devall v. Baton Rouge Fire Department, 2007-0156, p. 4 (La.App. 1 Cir. 11/2/07), 979 So.2d 500, 508; see also Brandt v. Engle, 2000-3416, p. 10 (La.6/29/01), 791 So.2d 614, 621. If the trial court has abused its discretion in its evidentiary rulings, such that the jury verdict is tainted by the errors, the appellate court should conduct a de novo review. See McLean v. Hunter, 495 So.2d 1298, 1304 (La.1986). Errors are prejudicial when they materially affect the outcome of the trial and deprive a party of substantial rights. Evans v. Lungrin, 97-0541, p. 7 (La.2/6/98), 708 So.2d 731, 735. Thus, a de novo review should not be undertaken for every evidentiary error, but should be limited to errors that interdict the factfinding process. Wingfield v. State, ex rel. Department of Transportation and Development, 2001-2668, p. 15 (La.App. 1 Cir. 11/8/02), 835 So.2d 785, 799, writs denied, 2003-0313, 2003-0339, 2003-0349 (La.5/30/03), 845 So.2d 1059-60, cert. denied, 540 U.S. 950, 124 S.Ct. 419, 157 L.Ed.2d 282 (2003).
Hearsay is “a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” La. C.E. art. 801(C). Hearsay is generally not admissible, unless it falls under one of the statutory exceptions set forth in La. C.E. arts. 803 or 804. See La. C.E. art. 802.
We find no abuse of discretion in the trial court’s ruling that the recorded telephone conversation and transcript were offered to prove the truth of the matter *875 asserted, ie., that Mr. Noel was aware of the issues with the quality of the product delivered in the first three loads, and therefore were inadmissible hearsay. This assignment of error also lacks merit.
^CONCLUSION
The judgment appealed from is affirmed. Costs of this appeal are assessed to defendant, BWL
AFFIRMED.

. BWI also filed a reconventional demand, but it was later dismissed.