THERIOT, J.
|2In this custody suit, the father appeals a trial court judgment modifying a prior custody decree. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Brad Hebert and Jessica Schexnayder are the parents of a minor child born in February of 2008. They were never married. Brad filed a petition for filiation in April of 2008, and also sought joint custody, establishment of a physical custody schedule, and other incidental matters. In August of 2008, Jessica filed a petition to establish paternity of the minor child, and sought joint custody, designation as the domiciliary parent, child support, and other incidental matters.
The parties entered into a consent judgment in 2010 which declared that Brad was the father of the child, awarded joint custody to Brad and Jessica, named Jessica the domiciliary parent, ordered that Brad’s physical custody of the child be supervised by his parents, ordered Brad to pay child support and for the child’s health insurance, and ordered Brad to submit to a drug screen.
In September of 2011, Jessica filed a rule seeking sole custody of the child on the grounds that there had been a change in circumstances and that it was in the child’s best interest for Jessica to have sole custody and for Brad to have supervised visitation with the child at his parents’ home. Brad also filed a rule seeking to modify the existing custody decree to remove the requirement that his parents supervise his custody of the child, to establish a joint custody implementation plan, and other incidental matters.
After a hearing, judgment was rendered awarding sole custody to Jessica; awarding supervised visitation to Brad; ordering Brad to have family counseling, psychiatric treatment, parenting classes, and anger ^management classes; ordering Jessica to have Brad’s name placed on the birth certificate; and ordering Brad to pay his child support on time as a condition of his supervised visitation. Brad appealed, asserting that the court erred in awarding sole custody of the child to Jessica, in ordering supervised visitation, and in refusing to allow him to put on evidence of his good character.
DISCUSSION
The burden of proof required of a party seeking to modify an existing custody award is dependent on the nature of the underlying custody determination. Custody awards are commonly made in two types of decisions. The first is through a stipulated judgment, such as when the parties consent to a custodial arrangement. The second is through a considered decree, wherein the trial court receives evidence of parental fitness to exercise care, custody, and control over a child. Shaffer v. Shaffer, 00-1251, p. 3 (LaApp. 1 Cir. 9/18/00), 808 So.2d 354, 356, writ denied, 00-2838 (La.11/13/00), 774 So.2d 151.
If the original custody decree is a considered decree, the party seeking its modification bears the heavy burden of proving that the continuation of the present custody is so “deleterious to the child as to justify a modification of the custody decree,” or of proving by “clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.” Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986).
However, the original custody decree in the instant case was not a considered decree, but rather a stipulated judgment by consent of the parties. As such, a party seeking to modify this custody decree need only prove that a change materi *1100 ally affecting the welfare of the child has occurred since the ^original consent decree and that the proposed modification is in the best interest of the child. Richard v. Richard, 09-0299, pp. 6-7 (La.App. 1 Cir. 6/12/09), 20 So.3d 1061,1066.
In this case, both parties requested a modification of custody. Jessica sought to have the court modify the original decree to award her sole custody of the child, and Brad sought a modification to remove the supervision requirement. Under these circumstances, each party bears the burden of proof on his or her individual request for modification.
Sole Custody
Brad’s first assignment of error is that the court erred in awarding sole custody to Jessica because there was insufficient evidence to support the court’s decision.
Louisiana Civil Code article 132 provides that sole custody may be awarded to one parent when it is proven by clear and convincing evidence to be in the best interest of the child. Proof by clear and convincing evidence requires more than “a preponderance of the evidence,” the traditional measure of persuasion, but less than “beyond a reasonable doubt,” the stringent criminal standard. Talbot v. Talbot, 03-0814, pp. 9-10 (La.12/12/03), 864 So.2d 590, 598; Harper v. Harper, 33,452, p. 6 (La.App 2d Cir. 6/21/00), 764 So.2d 1186, 1190. To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. Id.
In determining the best interest of the child, the court shall consider all relevant factors, and such factors may include those enumerated in Louisiana Civil Code article 134:
| fil- The love, affection, and other emotional ties between each party and the child.
2. The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
3. The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
4. The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
5. The permanence, as a family unit, of the existing or proposed custodial home or homes.
6. The moral fitness of each party, insofar as it affects the welfare of the child.
7. The mental and physical health of each party.
8. The home, school, and community history of the child.
9. The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
10. The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
11. The distance between the respective residences of the parties.
12. The responsibility for the care and rearing of the child previously exercised by each party.
The best interest of the child test is a fact-intensive inquiry, requiring the weighing and balancing of factors favoring or opposing custody in the competing parties on the basis of the evidence presented in each case. Every child custody ease is to be viewed on its own particular set of facts *1101 and the relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child. The trial court is vested with broad discretion in deciding child custody cases. Because of the trial court’s better opportunity to evaluate witnesses, and taking into account the proper allocation of trial and appellate court functions, great deference is accorded |6to the decision of the trial court. A trial court’s determination regarding child custody will not be disturbed absent a clear abuse of discretion. Martello v. Martello, 06-0594, p. 5 (La.App. 1 Cir. 3/28/07), 960 So.2d 186, 191-92.
In awarding sole custody to Jessica in this case, the judge reviewed each of the article 134 factors and concluded that the clear and convincing evidence before the court was that sole custody was in the child’s best interest. In so concluding, the judge noted that Brad suffered from Post Traumatic Stress Disorder since returning from active duty in Iraq and had flashbacks triggered by crowds and loud noises; that there had been several recent incidents involving violence or confrontations with Brad’s own family, one of which involved him pulling a knife on his brother, and two of which occurred with the child present; that Brad had not exercised physical custody of the child or communicated with her for extended periods of time without good reason; and that Brad did not pay his child support for an extended period of time without good reason. Based on the evidence before the trial court, we cannot say that the trial court’s ruling was a clear abuse of discretion. This assignment of error is without merit.

Supervised Visitation

Brad’s next assignment of error is that the court erred in denying his request to modify the custody decree to remove the supervision provision.
The trial court has discretion to impose conditions on visitation, including ordering supervised visitation, in order to minimize the risk of harm to a child. See Harper v. Harper, 33,452 (La.App. 2 Cir. 6/21/00), 764 So.2d 1186, 1191. See also Fountain v. Fountain, 93-2176 (La.App. 1 Cir. 10/7/94), 644 So.2d 733, 737-38. The paramount consideration in setting visitation privileges for a non-custodial parent is the best interest of the 17child. Id. Appellate review of a trial court’s findings with respect to child visitation is governed by the manifest error standard of review. See Givens v. Givens, 10-0680, p. 9-11 (La.App. 1 Cir. 12/22/10), 53 So.3d 720, 728-29.
Considering the evidence before the court regarding Brad’s history of Post Traumatic Stress Disorder, anger management issues, and violent confrontations with his family, including several incidents which occurred in the presence of the child, we cannot say that the court’s determination that supervised visitation is in the best interest of the child is manifestly erroneous. This assignment of error is also without merit.

Excluded Testimony

Brad’s final assignment of error is that the court erred in excluding testimony about his good character, which he argues was relevant to the court’s article 134 analysis of the best interest of the child. At trial, Brad attempted to call Melanie Le-Boeuf, his mother’s first cousin, to testify about how he had mentored her drug-addicted teenage son while her son attended a juvenile boot camp. The court, finding that Brad’s good relationship with a nineteen-year-old relative was irrelevant to his ability to parent a three-year-old child, refused to allow the testimony.
The standard of review for evidentiary rulings of a trial court is abuse of discretion; the trial court’s ruling will not be *1102 disturbed unless it is clearly erroneous. Riverside Recycling, L.L.C. v. BWI Companies Inc. of Texas, 12-0588, p. 4 (La.App. 1 Cir. 12/28/12), 112 So.3d, 869, 2012 WL 6725684. We can find no evidence that the trial court abused its discretion in finding that Ms. LeBoeufs testimony was not relevant to the determination of the issue before the court. This assignment of error is also without merit.
^CONCLUSION
For the reasons set forth hereinabove, the judgment of the trial court modifying custody is affirmed. Costs of this appeal are assessed to Brad Hebert.
AFFIRMED.