**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0599

JAVIER SAUCEDO

VERSUS

SAFECO INSURANCE COMPANY OF OREGON, ET AL.

Judgment Rendered: **MAR 1 1 2021**

* * * * *

On Appeal from the
23rd Judicial District Court
State of Louisiana, Parish of Ascension
No. 125,892

The Honorable, Alvin Turner Jr., Judge Presiding

* * * * *

Steve Joffrion                           Attorneys for Plaintiff/Appellant,
Garrett Joffrion                         Javier Saucedo
John Kitto
Prairieville, Louisiana


Shawn C. Collins                         Attorney for Defendants/Appellees,
Baton Rouge, Louisiana                   Paul C. Braud and Safeco Insurance
                                         Company of Oregon

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

The plaintiff, Javier Saucedo, appeals a summary judgment dismissing his personal injury claims against the defendants with prejudice. We affirm.

## FACTS

On Sunday morning, July 30, 2017, Mr. Saucedo was mowing the front lawn of his home in a Prairieville subdivision, pushing his self-propelled lawnmower along the curb next to the street in front of his home. At the same time, Mr. Saucedo's neighbor, Paul Braud, was driving his Toyota Tundra truck approximately ten miles per hour in the right lane of the two-lane street, traveling in the same direction Mr. Saucedo was mowing. Mr. Braud was pulling a camper trailer behind his truck, something Mr. Saucedo had previously seen Mr. Braud do, and behind the camper was pulling a smaller utility trailer. Mr. Braud saw Mr. Saucedo mowing his lawn and Mr. Saucedo saw Mr. Braud driving in the roadway.

Mr. Saucedo continued to mow along the curb with his back to Mr. Braud's approaching caravan. When Mr. Saucedo saw in his peripheral vision that the camper had passed him, he stepped into the street to turn his lawnmower without first looking to verify that the roadway was clear. The fender of the utility trailer then struck Mr. Saucedo's right leg. Mr. Saucedo alleges that at no time before the impact did he see the utility trailer, which he claims was blocked from view by the larger camper towing it.

Mr. Saucedo originally filed this suit against Mr. Braud and his insurer in the parish court for the parish of Ascension, seeking damages for injuries Mr. Saucedo allegedly sustained in the accident. The suit was transferred to the district court when Mr. Saucedo amended his petition to allege his damages exceeded the parish court's jurisdictional limits. In the district court, the defendants moved for summary judgment on the basis that Mr. Saucedo could not produce sufficient evidence that Mr. Braud breached any duty owed to Mr. Saucedo or that Mr. Braud's actions were

2

the cause-in-fact of Mr. Saucedo's injuries and, therefore, Mr. Saucedo could not satisfy his burden of proving Mr. Braud's negligence at trial. Mr. Saucedo opposed the motion, arguing the issues raised are inappropriate for disposition by summary judgment, Mr. Braud breached statutory duties, and that it could not be conclusively determined under the facts presented that Mr. Braud exercised the degree of care that a motorist owes a pedestrian. After a hearing, the district court granted the motion for summary judgment and dismissed Mr. Saucedo's claims, stating in written reasons that "for all practical purposes, the plaintiff walked into the defendant's trailer." Mr. Saucedo now appeals.

## DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate.[1] **In re Succession of Beard**, 2013-1717 (La. App. 1st Cir. 6/6/14), 147 So.3d 753, 759-60.

The burden of proof on the motion rests with the mover; however, if the mover will not bear the burden of proof at trial on the issue raised in the motion, the mover is not required to negate all essential elements of the adverse party's claim, action, or defense. Rather, the mover's burden is to point out to the court the absence of

---

[1] On appeal, Mr. Saucedo urges nine assignments of error, claiming the district court committed multiple reversible errors in rendering summary judgment. Because we review the summary judgment *de novo*, giving no deference to the district court's findings, it is unnecessary to review each assignment of error individually. Instead, we consider the arguments collectively in deciding whether summary judgment is appropriate.

3

factual support for one or more elements essential to the adverse party's claim, action, or defense. Upon doing so, the burden shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966D(1).

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. **Hines v. Garrett**, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765 (*per curiam*); **Smith v. Our Lady of the Lake Hospital, Inc.**, 93-2512 (La. 7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree. If reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. **Hines**, 876 So.2d at 765-66; **Smith**, 639 So.2d at 751. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Bryant v. Premium Food Concepts, Inc.**, 2016-0770 (La. App. 1st Cir. 4/26/17), 220 So.3d 79, 82, writ denied, 2017-0873 (La. 9/29/17), 227 So.3d 288.

In a personal injury suit, liability is determined under the duty-risk analysis, which requires that the plaintiff prove (1) the defendant had a duty to conform his conduct to a specific standard of care, (2) the defendant failed to conform his conduct to the appropriate standard of care, (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries, and (5) actual damages. **Brewer v. J.B. Hunt Transport, Inc.**, 2009-1408 (La. 3/16/10), 35 So.3d 230, 240. If the plaintiff fails to establish any one of these elements as to the defendant, his claims against the defendant must fail and the plaintiff cannot recover against him. **Roberts**

4

**v. Rudzis,** 2013-0538 (La. App. 1st Cir. 5/28/14), 146 So.3d 602, 609, writ denied, 2014-1369 (La. 10/3/14), 149 So.3d 797.

Mr. Braud sought summary judgment, arguing Mr. Saucedo would be unable to establish the breach of duty and causation elements of his claims. Whether a duty is owed is a question of law. Whether a defendant has breached a duty owed is a question of fact. **S.J. v. Lafayette Parish School Bd.,** 2009-2195 (La. 7/6/10), 41 So.3d 1119, 1125. The cause-in-fact element requires a determination of whether the harm would have occurred but for the defendant's alleged substandard conduct, or, when concurrent causes are involved, whether the defendant's conduct was a substantial factor in bringing about the harm. **Walker v. City of Independence Police Dept.,** 2018-1739 (La. App. 1st Cir. 2/7/20), 296 So.3d 25, 31. Whether the defendant breached the duty owed and whether that breach was a cause-in-fact of the plaintiff's injuries are factual questions that are generally to be determined by the factfinder. See **Hanks v. Entergy Corp.,** 2006-477 (La. 12/18/06), 944 So.2d 564, 580. However, summary judgment is appropriate if the moving party carries his burden of proof on the motion as to those elements of the duty-risk analysis. See La. Code Civ. P. art. 966D(1); **Walker,** 296 So.3d at 36 (addressing summary judgment on the cause-in-fact element); **Pontchartrain Natural Gas System v. Texas Brine Company, LLC,** 2018-0606 (La. App. 1st Cir. 12/21/18), 268 So.3d 1058, 1062-63, writ denied, 2019-0526 (La. 6/17/19), 273 So.3d 1210 (addressing summary judgment based on the breach of duty element). Mr. Saucedo would bear the burden at trial of proving each of the duty-risk elements as to Mr. Braud; therefore, Mr. Braud could satisfy his initial burden of proof on the motion for summary judgment by pointing out an absence of factual support for either the breach of duty or cause-in-fact elements of Mr. Saucedo's claim. See La. Code Civ. P. art. 966D(1).

5

In general, a motorist is required to drive his vehicle on the right half of the roadway. See La. R.S. 32:71. While driving, a motorist is charged with the duty to exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a highway. La. R.S. 32:214. Nonetheless, a motorist is not the insurer of a pedestrian's safety. **Pottinger v. Price**, 2019-0183 (La. App. 1st Cir. 10/23/19), 289 So.3d 1047, 1055. A pedestrian has a statutory duty to yield to traffic in the roadway in the absence of a marked crosswalk. La. R.S. 32:213A. A pedestrian must also exercise reasonable care to avoid leaving a curb or other place of safety beside the roadway and walking into the path of a vehicle. La. R.S. 32:212B; **Pottinger**, 289 So.3d at 1055. A motorist has a right to assume that a pedestrian will remain in a position of safety and will not attempt to enter the path of a moving vehicle, but may not blindly rely upon this assumption when he sees, should have seen, or anticipates that the pedestrian is going to cross the path of his vehicle. When a motorist sees, should have seen, or anticipates that the pedestrian is going to cross the path of his vehicle, the motorist must exercise reasonable care to protect the pedestrian. **Pottinger**, 289 So.3d at 1055; **Uriegas v. Gainsco**, 94-1400 (La. App. 3d Cir. 9/13/95), 663 So.2d 162, 172, writ denied, 95-2485 (La. 12/15/95), 664 So.2d 458.

The fact that an accident occurs does not create a presumption of negligence in favor of either the pedestrian or the motorist. **Guidry v. City of Rayne Police Dep't,** 2009-0664 (La. App. 3d Cir. 12/9/09), 26 So.3d 900, 903. Although a motorist commands a greater instrumentality of harm, a pedestrian still bears the burden of proving that the motorist was negligent before he can recover damages. **Thomas v. Cage**, 2018-1144 (La. App. 1st Cir. 2/25/19) (unpublished), 2019 WL 927143, *2; **Puearry v. State Through Dep't of Pub. Safety**, 496 So.2d 1372, 1374 (La. App. 3d Cir. 1986).

6

In support of his motion for summary judgment, Mr. Braud submitted his own deposition testimony and that of Mr. Saucedo. Mr. Braud testified that the accident occurred as he was driving in the right lane of the street at a speed of approximately ten miles per hour. It was mid-morning, the weather was clear, and there were no vehicles parked along the roadway. Mr. Braud denied using his cell phone or being otherwise distracted. Mr. Braud stated he saw Mr. Saucedo mowing the grass close to the street and, at all times before the truck passed Mr. Saucedo, Mr. Braud observed Mr. Saucedo pushing the mower on the grass in the same direction the truck was traveling. Mr. Braud indicated he thought Mr. Saucedo was aware he was passing and under the circumstances saw no reason to move his vehicles further to the left, blow his horn, or flash his lights. Mr. Braud did not see Mr. Saucedo step into the street and was not aware an accident occurred until he parked at his home down the street, looked back, and saw Mr. Saucedo sitting at the curb holding his leg.

Mr. Saucedo testified in his deposition that he was mowing his grass alongside the curb of the street and saw Mr. Braud pass by "really close." Mr. Saucedo estimated the truck and camper passed within six inches of the curb. Mr. Saucedo testified he continued mowing and saw the truck then the camper pass by from the corner of his eye. He denied that Mr. Braud waved at him. Mr. Saucedo testified that when the camper passed him, he thought the roadway was clear. He turned his mower and stepped from the curb, then the trailer struck him. Mr. Saucedo admitted he absolutely would have seen the utility trailer if he had looked before stepping into the street, but explained, "[l]ogic tells you a truck, camper, you're clear."

Although the two accounts of the accident contain minor discrepancies, the pertinent facts are undisputed. Mr. Braud was driving within his lane of travel and observed Mr. Saucedo mowing his grass. Mr. Saucedo was walking on the grass nearest the roadway and was admittedly aware of Mr. Braud's vehicles advancing

7

from behind him near the curb. Mr. Saucedo continued mowing along the curb as the truck and camper passed him. Then, without looking to ensure it was safe to do so, Mr. Saucedo stepped from his yard into the roadway and into the trailer. Neither of the parties testified to any action by Mr. Saucedo that would have alerted Mr. Braud that Mr. Saucedo intended to leave the safety of his yard and step from into the roadway as he did.

Considering the evidence presented, Mr. Braud successfully pointed out the lack of factual support to prove Mr. Braud breached his duty as a motorist to exercise reasonable care to protect Mr. Saucedo or that Mr. Braud's actions were a cause-in-fact of the accident. The burden of proof then shifted to Mr. Saucedo to produce factual support sufficient to establish the existence of genuine issues of material fact, or that Mr. Braud was not entitled to judgment as a matter of law. See La. Code Civ. P. art. 966D(1).

Mr. Saucedo opposed the motion, first contending summary judgment is inappropriate to resolve the issues of comparative fault that govern accidents between motorists and pedestrians. However, comparative fault involves determining the degree or percentage of fault of all persons *causing or contributing to the injury*. See La. Civ. Code art. 2323A. Before the degree of fault is assessed, the pedestrian must prove the motorist's negligence using the duty-risk analysis. See **Thomas**, 2019 WL 927143, *2. A plaintiff's inability to prove the elements required by the duty-risk analysis is subject to resolution by summary judgment. See La. Code Civ. P. art. 966D(1); **Walker**, 296 So.3d at 36; **Pontchartrain Natural Gas System**, 268 So.3d at 1062-63. Thus, Mr. Saucedo's argument in this regard is without merit.

Relying on the same deposition testimony Mr. Braud submitted in support of the motion, Mr. Saucedo additionally argues that when the evidence is considered in the light most favorable to himself, questions of fact remain as to whether Mr. Braud

discharged the duty a motorist owes to a pedestrian. Mr. Saucedo contends the evidence shows that Mr. Braud made a conscious decision not to veer further to the left and allow additional room for operation of the mower. Mr. Saucedo further contends the length of Mr. Braud's caravan exceeded statutory limits and allowed Mr. Saucedo no opportunity to view the utility trailer until the moment he stepped into the roadway. Mr. Saucedo references La. R.S. 32:382A(3)(a), which provides, "A vehicle having no more than two axles may tow any combination of two vehicles, provided the combination of vehicles does not exceed sixty-five feet." Mr. Saucedo contends the statute's purpose is to prevent the hazard presented by the inability to see around vehicles of certain lengths.

Even if Mr. Saucedo proved that Mr. Braud breached a duty owed to him by violating the traffic regulation, Mr. Saucedo would still be required to prove that the violation was a cause-in-fact of the accident. See **Brewer**, 35 So.3d at 240; **Fourmeaux v. Clark-Roscher Hardware & Supply Co.**, 17 So.2d 731, 733 (La. Ct. App. Orleans Circuit 1944). In his motion for summary judgment, Mr. Braud pointed out an absence of factual support for the cause-in-fact element of Mr. Saucedo's claim through Mr. Saucedo's admission that he did not look to establish the roadway was clear before leaving his own position of safety and stepping into the path of the trailer. Thus, proof that Mr. Braud violated the traffic regulation, is insufficient to satisfy Mr. Saucedo's burden on the motion for summary judgment.[2]

Further, although Mr. Saucedo has suggested that nothing prevented Mr. Braud from driving further toward the center of the street, he has failed to present evidence that he will be able to prove at trial that Mr. Braud breached his duties as a motorist and caused by the accident. As the district court stated, "A motorist has no duty to anticipate that an adult person who, by all accounts, sees vehicles in the

---

[2] Considering this, we do not address whether a violation of the statute actually occurred or Mr. Saucedo's claims regarding the statute's interpretation.

roadway, will step into the roadway before it is safe to do so." Moreover, although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion for summary judgment, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. **Walker**, 296 So.3d at 36.

Finally, Mr. Saucedo has suggested that summary judgment is not appropriate because the parish court denied an exception and a prior motion for summary judgment that raised the same issues, and no new substantive evidence has been presented. Denials of exceptions and motions for summary judgments are interlocutory judgments; therefore, they are subject to change or revision at any time prior to rendition of a final judgment. See La. Code Civ. P. art. 1915; **Bank of Zachary v. Louisiana Citizens Prop. Ins. Corp.**, 2019-0605 (La. App. 1st Cir. 9/22/20) (unpublished), 2020 WL 5651862, *5; **Talbert v. Restoration Hardware, Inc.**, 2017-0986 (La. App. 1st Cir. 5/31/18), 251 So.3d 532, 536, writ denied, 2018-1102 (La. 10/15/18), 253 So.3d 1304. Thus, an interlocutory judgment cannot serve as the basis for a plea of *res judicata*. **Payton v. Republic Vanguard Ins. Co.**, 2014-1453 (La. App. 1st Cir. 6/15/15) (unpublished), 2015 WL 3671406, *4 n.4, writ denied, 2015-1365 (La. 10/23/15), 179 So.3d 600. Furthermore, the jurisprudence of this and other circuits specifically allows for consideration of a second motion for summary judgment after a first motion for summary judgment on the same issue has been denied. **Talbert**, 251 So.3d at 536. For these reasons, the parish court's rulings on the exception and prior motion for summary judgment do not preclude or have any bearing on the instant motion for summary judgment.

Mr. Saucedo has not established that he will be able to prove that Mr. Braud breached a duty owed to him or that Mr. Braud's actions in driving in his lane of travel caused Mr. Saucedo to step into the roadway and into the path of the utility

trailer. Consequently, Mr. Braud is entitled to summary judgment dismissing Mr. Saucedo's claims against him.

## CONCLUSION

The judgment of the district court is affirmed. Costs of this appeal are assessed to Javier Saucedo.

**AFFIRMED.**